IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEXTER PICKETT,            )
       Petitioner,    )   Civil Action No. 16-cv-23 Erie
                           )
       v.             )
                           )   Magistrate Judge Susan Paradise Baxter
MONICA RECKTENWALD,        )
       Respondent.    )

# **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by federal prisoner Dexter Pickett (the "Petitioner"), pursuant to 28 U.S.C. § 2241. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329 (1992), erred in computing his sentence. For the reasons set forth below, the petition is denied.

## **I.**

### **A.**    **Relevant Background**

From an unspecified date in 2000, until August 2011, the Petitioner committed the criminal offense conduct that is the basis for his convictions for Conspiracy to Distribute and Possession with Intent to Distribute Crack and Possession of a Firearm During and in Connection with a Drug Trafficking Offense, in violation of 21 U.S.C.§ 846 and 18 U.S.C. § 924(c)(1), which are the federal offenses connected with the sentence that is at issue in this case. (Declaration of Forest B. Kelly (Resp's Ex. 1), ¶ 7(a)). On March 15, 2011, prior to his indictment on those federal charges, the Petitioner was arrested by the Yonkers Police Department in Westchester County, New York, and charged in New

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

York Supreme Court in Westchester County (the "State Court") with the state criminal offense of Criminal Possession of a Weapon in the Second Degree. (Id., ¶¶ 5(b), 7(b)).

Because local/state, non-federal authorities arrested the Petitioner first, he was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the State of New York. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. See, e.g., George, 463 F.App'x at 138 n.4.

On six occasions from August 11, 2011, through January 3, 2013, the United States District Court for the Southern District of New York (the "District Court") issued a writ of habeas corpus ad prosequendum and directed the United States Marshals Service to produce the Petitioner in federal court for the processing of his federal criminal charges. (Kelly Decl., ¶ 7(c)-(n)). At the conclusion of each of the District Court's proceedings, the Petitioner was returned to state/local authorities in satisfaction of the federal writ. Although the Petitioner was temporarily transferred to the physical

2

custody of federal authorities on each of these occasions, the State of New York maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction.") The receiving sovereign – in this case, the federal government – is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

The Petitioner pleaded guilty to two counts pursuant to a federal plea agreement, and on January 4, 2013, the District Court sentenced him to a 120-month term of imprisonment. (Kelly Decl., ¶ 7(l), (n)). The federal sentencing order was silent with respect to the relationship of the 120-month sentence to any other sentence to which the Petitioner was, or would be, subject. (Id., ¶ 7(n)). After the District Court sentenced the Petitioner, the United States Marshals Service returned physical custody of him to the authorities with the State of New York in satisfaction of a federal writ of habeas corpus ad prosequendum. (Id.) The federal Judgment was filed as a detainer.

On January 17, 2013, the State Court sentenced the Petitioner to a 3 ½ year term of imprisonment. The State Court directed that its sentence was to run concurrently with his federal sentence. (Id., ¶ 7(o)). On March 6, 2014, state authorities released the Petitioner to the federal detainer. (Id., ¶ 7(q)).

Pursuant to 18 U.S.C. § 3584(a), the BOP has calculated the Petitioner's federal sentence as consecutive to his state sentence. This means that it has refused to give him a retroactive concurrent

3

designation (discussed below), which would have allowed the state prison to be the place where he began service of his federal sentence. (Id., ¶¶ 9-13). Pursuant to 18 U.S.C. § 3585(a), the BOP has calculated the Petitioner's federal sentence to have commenced on the day the state authorities released him on parole to the federal detainer (on March 6, 2014). (Id.) The BOP also has determined that the Petitioner is entitled to no prior custody credit pursuant to 18 U.S.C. § 3585(b). (Id., ¶¶ 14-15).

The Petitioner challenged the BOP's calculation of his federal sentence through the BOP's administrative remedy process. When he did not receive the relief he sought he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 5). He contends that he is entitled to additional credit against his federal sentence. The Respondent filed the answer (ECF No. 13), and the Petitioner filed a reply (ECF No. 14).

**B.** **Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider the Petitioner's claim that the BOP erred in computing his sentence. A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3).

4

## C. Discussion

The following statutes are relevant to the evaluation of the Petitioner's contention that the BOP erred in computing his federal sentence: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the amount of prior custody credit that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05"). The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption.[2]

### 1. The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence

#### (a) Statutory and policy background

In determining whether the Petitioner is entitled to any habeas relief, the Court must first examine whether the BOP violated federal law in computing his federal sentence as consecutive to his state sentences. 18 U.S.C. § 3584(a) provides, in relevant part:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.… *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently*.

---

[2] The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

(Emphasis added). See also Sester v. United States, 566 U.S. 231 (2013) (§ 3584(a) authorizes federal sentencing courts to direct sentences to run concurrently or consecutively with other sentences, whether such sentences are imposed or have yet to be imposed).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In this case, the BOP did not consider the Petitioner's federal sentence to run concurrently with his state sentence *because the District Court had not so ordered*. The BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. Barden, 921 F.2d at 480-84.

Importantly, however, the BOP considered, as it must under Barden and its own policies, whether it should exercise its discretion and grant the Petitioner a retroactive concurrent designation pursuant to § 3621(b). In Barden, the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05, Pages 5-7. For example, the BOP recognizes that the following might occur: the state/local authorities had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a sentence and orders that it is to be served concurrently with the federal sentence. When this occurs (as it did in the instant case), the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect

6

amounts to the imposition of a retroactive concurrent federal sentence. Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7.

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. Id. at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.") In making its decision, the BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7.

### (b) The BOP did not abuse its discretion in declining to grant the Petitioner a retroactive concurrent designation

After the Petitioner challenged the way the BOP was calculating his federal sentence, the BOP contacted the District Court to receive input from it. The BOP explained to the District Court the circumstance of the Petitioner's case and advised that if the District Court intended or desired to have its sentence run concurrently with the state sentence, it would commence the Petitioner's federal sentence on the date it was imposed, which would result in a release date of approximately December 22, 2019, as opposed to his release date (without the retroactive designation) of December 14, 2022. (Kelly Decl., ¶ 11 & Attach. 1(o), 1/27/15 Letter to District Court). In a written statement, dated February 26, 2015, the District Court indicated it would defer to the BOP to determine whether the Petitioner was appropriate for a retroactive designation of the state institution for service of his federal sentence. (Id., ¶ 12 & Attach. 1(r), § 3621(b) Worksheet).

7

On April 7, 2015, the BOP conducted a Barden review to determine whether to grant the Petitioner a retroactive concurrent designation. The five factors set for in § 3621(b) were considered with respect to the Petitioner's particular circumstances. Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. After its evaluation, the BOP determined that the Petitioner was not appropriate for a retroactive designation. (Id., ¶ 13 & Attach. 1(r), § 3621(b) Worksheet).

This Court cannot conclude that the BOP's decision was an abuse of its discretion. It was in accordance with the federal sentencing statutes and applicable agency policy, PS 5160.05, Pages 5-7, and there is no basis for this Court to disturb it. See Barden, 921 F.2d at 484. See also Crawford v. Longley, 561 F.App'x 128, 130 (3d Cir. 2014) (the petitioner's "argument that the BOP should have granted the nunc pro tunc designation to fulfill the wishes of the state court judge that his state sentence be concurrent to his federal sentence is meritless, as 'neither the federal courts not the [BOP] are bound in any way be the state court's direction that the state and federal sentences run concurrently.' Barden, 921 F.2d at 478 n.4 (citing U.S.Const.art.VI, cl. 2).")

### 2. Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary

9

custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54.

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrent* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive* to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The third scenario is what has occurred in the Petitioner's case. He was in the primary custody of the State of New York on the date his federal sentence was imposed. Because his federal sentence is consecutive to his state sentence, the BOP calculated his federal sentence to have commenced under § 3585(a) on March 6, 2014, the date the State released him on parole to the federal detainer. (Kelly Decl., ¶ 9 & Attach. 1(s), Sentence Monitoring Computation Sheet). There is no basis for the Court to

10

disturb the BOP's determination. The policies it applied to the Petitioner are a permissible construction of § 3585(a).

### 3. Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *That has not been credited against another sentence.*

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The Respondent explains that the records from the New York Department of Corrections reflect that all time the Petitioner served between March 15, 2011 (the date he was arrest) through March 5, 2014 (the day before his federal sentence commenced) was credited against his state sentence. (Kelly Decl., ¶ 15). Accordingly, the BOP cannot give the Petitioner any additional credit under § 3585(b) for the time he spent in official detention during the relevant time period because all of that other time was credited against a state sentence. See, e.g., Vega, 493 F.3d at 314 (the BOP did not err

11

when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

**II.**

Based upon all of the foregoing, the Petitioner has not demonstrated that he is entitled to a writ of habeas corpus and, therefore, his petition is denied.[3]

An appropriate Order is attached.

Dated: June 6, 2017

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEXTER PICKETT, )
       Petitioner, ) Civil Action No. 16-cv-23 Erie
        )
v. )
        ) Magistrate Judge Susan Paradise Baxter
MONICA RECKTENWALD, )
       Respondent. )

## **ORDER**

AND NOW, this 6th day of June, 2017, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED. The Clerk of Court shall mark this case CLOSED.

                                                                          /s/ Susan Paradise Baxter
                                                                         SUSAN PARADISE BAXTER
                                                                         United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail the Petitioner at his address of record